UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER TULLY,

                              Plaintiff,

        -against-

OFFICE OF THE COMMISSIONER OF
BASEBALL et al.,

                              Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _2/13/2025_

24-CV-02764 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

        The Court received the appended submission from Plaintiff's counsel regarding a fee dispute.  Plaintiff's current counsel and his former counsel at Rakower Law PLLC ("Rakower") are directed to appear for a video conference on **Wednesday, March 5, 2025, at 11:30 a.m**. Counsel for Defendants may attend but are not required to do so.  The video conference will be held by Microsoft Teams; a direct link to the conference will be sent to counsel in advance of the conference.  Members of the public can dial in to the conference by calling the following number, which is audio-only:  +1 646-453-4442,,130123345#.  All counsel are referred to Rule II(A)(2) of the Court's Individual Rules & Practices regarding video conferences.

        By **March 3, 2025,** Plaintiff's current counsel and counsel at Rakower may file a letter not to exceed five pages explaining the dispute and their respective positions; the letter should address each counsel's view on whether it is appropriate for the Court to resolve the dispute in light of the pending demand for arbitration.  Also by **March 3, 2025,** counsel at Rakower is directed to submit a copy of its agreement with Plaintiff; this submission may be made *ex parte* by email to GarnettNYSDChambers@nysd.uscourts.gov.

        Plaintiff's counsel is directed to serve a copy of this Order on counsel at Rakower by **February 18, 2025,** and to file proof of such service by **February 19, 2025**.

Dated:  February 13, 2025
        New York, New York

                                        SO ORDERED.

                                        _____
                                        MARGARET M. GARNETT
                                        United States District Judge



Kaiser Saurborn & Mair, P.C.
30 Broad Street, 37th Floor
New York, New York 10004
www.ksmlaw.com

Daniel J. Kaiser
+1.212.338.9100 x317
+1.646.607.9371 fax
kaiser@ksmlaw.com

February 6, 2025

**BY EMAIL**
Honorable Margaret M. Garnett
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    **Christopher Tully v. Major League Baseball**
               **Case No.: 1:24-cv-02764**

Dear Judge Garnett:

I represent plaintiff, Christopher Tully, in the above-referenced action. I write,to request the Court's assistance in the resolution of a fee dispute between plaintiff's successive counsel.

Mr. Tully was represented by three separate law firms during the pre-litigation phase of these proceedings. The Rakower Law firm, with whom my firm ["KSM"] has the fee dispute, is the only firm to whom attorney's fees are presently owed. The Rakower firm represented Mr. Tully for several months beginning on December 14, 2023 and its legal work centered on the drafting of the pleadings.

KSM represented Mr. Tully throughout the actual litigation from the filing of the complaint through opposing a motion to dismiss and a private mediation that resolved this pending litigation.

I have attempted to resolve the fee dispute with Michael Rakower without success. Mr. Rakower maintains that he will not discuss a fee resolution until a settlement agreement is fully executed. The difficulty with that demand is that the language of certain settlement terms, in my judgment, may be affected by the fee dispute. To be clear, the settlement agreement terms are not contingent upon resolution of the fee dispute, but it makes finalizing language for certain terms more difficult.

I confidentially provided to Mr. Rakower a copy of the draft settlement agreement so that the monetary settlement terms may be confirmed to him. Mr. Rakower made clear that this was insufficient.

Honorable Margaret M. Garnett
Re: Tully v. MLB, *et al*
February 6, 2025
Page 2

Upon the termination of his services by Mr. Tully last year, Mr. Rakower initiated an AAA arbitration against Mr. Tully even though at that time no fees were owed to him. The arbitration was stayed pending a resolution of Mr. Tully's legal claims.

KSM was not a party to any agreements between Mr. Tully and Mr. Rakower and is not a party to the pending arbitration. KSM has an independent interest in its owed and earned attorney's fee and, correspondingly, has a right to have the trial court examine and resolve the at issue fee dispute. *See, Waichmann v. Mauro*, 188 N.Y.S.3d 529 (2nd Dept. 2023) (court held apportionment of attorney's fees between firms is controlled by the equities and circumstances in each particular case and the trial court is in the best position to assess such factors).

The fee that Mr. Tully owes to KSM is the monies currently in dispute. KSM respectfully requests that this court schedule a conference/hearing so that this fee dispute may be expeditiously resolved and the settlement agreement more easily finalized.  Since the outstanding fee issue is straightforward, with court assistance I believe it is easily resolved.

Thank you for your attention to this matter.

Respectfully submitted,

Daniel J. Kaiser

DJK/sz